**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10200 |
| Plaintiff - Appellee, | 14-10343 |
| v. | D.C. No. 4:13-cr-50085-JGZ |
|  | 4:13-cr-00930-JGZ |
| ABRAHAM BUENO-MERCADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

In these consolidated appeals, Abraham Bueno-Mercado appeals the 37-month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326; and the six-month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.

In Appeal No. 14-10200, Bueno-Mercado challenges his revocation sentence, arguing that the district court failed to consider his mitigation arguments, failed to explain its sentence, and imposed a substantively unreasonable sentence. The record reflects that the district court considered Bueno-Mercado's mitigation arguments and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the district court did not abuse its discretion in imposing Bueno-Mercado's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51. Accordingly, we affirm in Appeal No. 14-10200.

The government argues that Appeal No. 14-10343 should be dismissed based on an appeal waiver contained in the plea agreement. We review de novo whether to enforce an appeal waiver. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Contrary to Bueno-Mercado's contention, the record reflects that the district court properly advised him of the terms of the appeal waiver when it accepted his guilty plea. *See id.* at 987. Moreover, his sentence is not illegal because *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), remains good law. *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013) (declining to

revisit *Almendarez-Torres*).  Accordingly, we dismiss Appeal No. 14-10343 in light of the valid appeal waiver.  *See Watson*, 582 F.3d at 988.

**Appeal No. 14-10200 AFFIRMED.**

**Appeal No. 14-10343 DISMISSED.**